No. 4813.

(Court of Appeal, Parish of Orleans.)

## CONRAD LINDNER vs. CHAS. G. DEL'ISLE.

Theo. Cotonio for plaintiff and appellee.

St. Clair Adams, Rouse, Grant & Grant attorneys.

Dinkelspiel, Hart & Davey attorneys for Clerk of Court.

Stafford, Lambert & Robinson attorneys.

George Montgomery for John Minot, appellant.

### On Motion to Dismiss.

GODCHAUX, J.—The appellee, Adloe Orr, has moved to dismiss the appeal on the ground that the matter in dispute, as against him, is less than $100—that is, below the minimum amount that would authorize an appeal to

— 202 —

this Court from the Civil District Court. It will be seen from the statement of the case given in our opinion upon the merits, that suit having been instituted for a sum exceeding $600 by the owner against the contractor and his surety, the surety thereupon called in warranty its three indemnitors, one of whom was Orr, and prayed that, if judgment went against it, as surety, it have like judgment over against its indemnitors, in solido. The amount in dispute, as to the owner, contractor and surety, was sufficient to justify an appeal to this court, and, inasmuch as the dispute between the surety and its indemnitors involved a similar amount, the judgment between these latter parties is equally appealable to this Court. To hold that the amount in dispute was not the amount claimed by plaintiff would be to say that if the plaintiff had had judgment against the surety for the full amount claimed, the Court could not have given like judgment over for the surety against its indemnitors, because the amount in dispute between the latter was less than that judgment.

The judgment rendered between Minot and Orr is appealable here for the same reasons.

The motion to dismiss is denied.

## On the Merits.

Plaintiff, Lindner, as owner, sues Del'Isle, the contractor, and the National Surety Company, as surety, for the imperfect and defective performance of a building contract. Minot is joined by plaintiff as a defendant on the ground that he is claiming a balance due for materials furnished on the job, the privilege to secure which he caused to be inscribed of record. The claim of Minot as a furnisher of material for the balance due him was disposed of finally during the trial of the case, and has no relevancy to the issue upon this appeal. Del'Isle in his answer set forth the fact that Minot had assumed, in his

— 203 —

lieu and stead, the performance of the building contract and after asserting that the contract is properly performed by Minot and that, consequently, the suit should be dismissed, he prays in the alternative, that if the Court should find that the contract was not properly performed, then he should have judgment against Minot, as his warrantor, for such amount as the Court might decree him (Del'Isle) to be liable to the plaintiff. This call in warranty by Del'Isle was duly answered by Minot, who admitted that he had assumed Del'Isle's building contract, but claimed that he had properly performed it. Minot likewise answered plaintiff's petition with a like admission as to the assumption of the contract and with a denial that it was imperfectly performed.

The Surety Company answered plaintiff's suit by a denial of the imperfect performance of the contract, but alleges that Minot, Del'Isle, and one Orr, had bound themselves, in solido, as indemnitors, to protect it against any loss or liability that it might incur as surety; and it makes these three indemnitors parties defendant to the end if judgment is rendered against it as surety it may recover like judgment against the indemnitors, in solido. Orr answered the call in warranty of the Surety Company by alleging the proper performance of the work by Minot under sub-contract from Del'Isle and prayed that if any judgment goes against him as indemnitor that he have like judgment against Minot. Service of this answer upon Minot was neither made nor prayed for. Del'Isle filed no answer to the Surety Company's claim against him as indemnitor, while Minot answered said claim by admitting the execution of the contract of indemnity and denying any liability thereunder.

There was judgment in the sum of seventy-eight ($78) dollars in favor of the plaintiff and against Del'Isle, as contractor, and the Surety Company, as his bondsman, in

**solido,** and judgment over for a like amount in favor of the Surety Company against the three indemnitors, **in solido.** There was further judgment for a like amount in favor of Del'Isle and Orr against Minot, as warrantor.

The only one to appeal from the judgment was Minot, and no one has answered the appeal. Consequently, the judgment cannot be amended or reversed so as to increase or extend Minot's liability, and the inquiry must be confined to determining whether or not, as to him, the judgment should be diminished or annulled.

The claim of the plaintiff exceeded six hundred ($600) dollars, and was coupled with a demand of one hundred and fifty ($150.00) dollars attorney's fees, under a provision of the building contract authorizing the recovery of reasonable attorney's fees by the owner in the event of controversy.

The defects in the building shown upon the trial of the case embrace several items; but the judgment finally rendered, as shown by the written reasons for judgment, is based upon the following:

| | | |
|---|---|---|
| (1) | Failure to supply two cesspool covers, at $2.50 | $5.00 |
| (2) | Painting and papering | 27.00 |
| (3) | Painting and plastering | 5.00 |
| (4) | Chimney collars and flashing | 4.00 |
| (5) | Cisterns | 12.00 |
| (6) | Attorney's fees | 25.00 |
| | Total judgment | $78.00 |

A careful examination of the record convinces this Court that substantial justice has been done by the trial Court. This first item—namely, the cesspool covers, as well as the allowance for a shortage of cistern capacity (5), and for the failure to properly flash the chimneys (4), were clearly recoverable. The other two items— namely (2) and (3), arose through the development of

numerous cracks in the interior plastering and from the further fact that this work was left by the builder in a soiled and unfit condition.

Defendant offered to remedy this by calcimining, while plaintiff insisted upon the manner of remedy which he actually applied—namely, painting and papering the walls. In the absence of evidence to show that this latter remedy involved a greater expenditure than the one proposed by defendant, the latter had no valid cause for complaint on this score. The allowance of twenty-five ($25.00) dollars for attorneys' fees in a matter which involved a review of the performance of a building contract throughout the construction of a building costing over three thousand ($3,000.00) dollars, is not unreasonable, and the amount which plaintiff actually recovered is not necessarily the sole test or measure of allowance for attorneys' fees in such matters.

In as much, however, as Orr's answer or call in warranty was not served on Minot, there is no foundation for a judgment in favor of Orr against Minot, as warrantor, and consequently the judgment appealed from is erroneous in this respect. The failure to serve it or to pray for its service was a pardonable oversight, in view of the numerous parties litigant and the network of demands and counter-demands in which they became entangled, and a non-suit is sufficient penalty.

It is accordingly ordered that the judgment appealed from be reversed in so far as it decrees judgment in favor of Orr against Minot and the said claim of said Orr is now dismissed as in case of non-suit; and it is further decreed that the judgment appealed from be in all other respects affirmed, the appellee Orr to pay all costs of appeal.

St. Paul, J., recused.

February 9, 1910.

Rehearing refused, February 21, 1910.